LOESER v. SAVINGS DEPOSIT BANK & TRUST CO. OF ELYRIA, OHIO.

(Circuit Court of Appeals, Sixth Circuit. August 8, 1908.)

No. 1,535.

1. JUDGMENT—VACATION AFTER TERM—VOID OR ERRONEOUS JUDGMENT.

The fact that a Circuit Court of Appeals, reviewed a judgment of a court of bankruptcy on appeal, when under the law it was reviewable only on petition to revise, under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), does not render its judgment a nullity; but it is, at most, erroneous only, and the court has no power to expunge it on motion at a subsequent term.

2. SAME—PRESUMPTION OF VALIDITY.

When the power of a court to expunge one of its judgments is invoked on the ground of its nullity, every presumption in favor of the judgment which does not contradict the record must be indulged.

3. BANKRUPTCY—JUDGMENT OF BANKRUPTCY COURT—MODE OF REVIEW.

The judgment of a court of bankruptcy determining the claim of a chattel mortgagee to assets in the hands of a trustee in bankruptcy is one on a controversy arising in bankruptcy proceedings and reviewable by the Circuit Court of Appeals on appeal, under Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431).

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Northern District of Ohio.

L. J. Grosman, Frederick L. Taft, and Nathan Loeser, for appellant. W. W. Boynton, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This case was heard upon an appeal from a decree of the District Court sustaining a chattel mortgage made by the bankrupt, Mrs. Chadwick, to the Savings Deposit Bank & Trust Company. We reversed the decree and held the mortgage unenforceable against the bankrupt's trustee. The ground upon which this conclusion was reached is fully shown in the opinion of the court. 148 Fed. 975, 78 C. C. A. 597. The opinion was filed November 22, 1906. Subsequently the case was taken by appeal of the bank to the Supreme Court, where on April 27, 1908, the appeal was dismissed without opinion. The mandate to this court recites only that the appeal was dismissed "for the want of jurisdiction." It would be idle to speculate as to the grounds upon which this action was taken.

On May 25, 1908, the Savings Deposit Bank & Trust Company entered a motion to vacate the judgment entered at the November session, 1906, and dismiss the appeal. The ground stated in the motion is as follows:

"The defendant says as ground of this motion that this court was entirely without jurisdiction to enter said judgment of reversal, and consequently its

judgment is void. The case came into this court by appeal from the District Court of the Northern District of Ohio, and was not appealable because of the fact that the proceeding was one in bankruptcy, from which an appeal would only lie from an order declaring or refusing to declare said Cassie L. Chadwick a bankrupt, or from an order granting or denying a discharge, or from an order allowing or rejecting a debt or claim of $500 or over, and said appeal was not founded upon either of said grounds. Wherefore the said defendant the Savings Deposit Bank & Trust Company pray the court to vacate and set aside such entry of reversal as made without jurisdiction by this court."

The power to vacate a judgment may undoubtedly be exercised during the term of the court at which it was rendered; but it is equally well established that, after the term has ended, final judgments and decrees pass beyond the control of the court, unless the power to correct, vacate, or modify is reserved by some step taken during the term by which the court reserves its right of action. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797. Neither the statutes of the state nor their practice or decisions are controlling in this matter over the courts of the United States. Bronson v. Schulten, cited above. In the case cited the court said:

"It is whether there exists in the court the authority to set aside, vacate, and modify its final judgments after the term at which they were rendered and this authority can neither be conferred upon nor withheld from the courts of the United States by a statute of a state or the practice of its courts."

But it is said that this rule has no application to judgments which are absolutely void, that such a judgment is a mere nullity, and may be expunged as might a surreptitious entry. For the purpose of this case we shall assume this distinction to exist. 1 Black on Judgments, §§ 306, 307. But what is an absolutely void judgment? It is one which is a mere semblance of a judgment. One in which an essential element to the rendition of any judgment is lacking, as that the court had no jurisdiction over the parties, or none over the subject-matter. A void judgment binds no one. It is a nullity. It protects no one acting under it.

This motion is predicated upon the suggestion that the judgment of the District Court was not appealable and could only be reviewed under the supervisory power conferred by section 24b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]).

First. Assuming that the decree of the District Court was reviewable and not appealable, the fact that we erroneously exercised jurisdiction under the appeal does not make the judgment a nullity. It was, at most, an error to be corrected by a timely application to this court upon a petition to rehear or by resort to some appellate procedure for the correction of error. We had jurisdiction to determine whether the case was appealable under section 24a or 25a of the bankrupt act, or only reviewable upon a petition to review under section 24b. An erroneous determination of that somewhat cloudy question will not render the judgment void but only erroneous. But counsel say that the question of jurisdiction under the appeal is not shown by the record to have been raised or decided, and that this takes the judgment outside of the principle referred to. The distinction is not

sound. The subject was one within the general jurisdiction of this court. The procedure by which our appellate jurisdiction might be invoked was either by a petition for review under section 24b, or by an appeal in one of the several subjects mentioned in 25a, or by appeal under the general appellate jurisdiction conferred by section 24a "of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases."

When the power of this court to expunge one of its judgments is invoked upon the ground of its utter nullity, every presumption in favor of the judgment, which does not contradict the record, must be indulged. Limited as is the jurisdiction of the inferior nisi prius courts of the United States and subject to a presumption against jurisdiction throughout the progress of a cause, yet the judgments of these tribunals are not nullities, although jurisdiction is not shown upon the record. Such judgments are, although jurisdiction is not apparent, binding upon the parties and such apparent want of jurisdiction is available only in some form of review by a superior court. Dowell v. Applegate, 152 U. S. 327, 337 et seq., 14 Sup. Ct. 611, 38 L. Ed. 463; Kempe, Lessee, v. Kennedy, 5 Cranch, 173, 185, 3 L. Ed. 70; Skillern's Ex. v. May's Ex., 6 Cranch, 267, 3 L. Ed. 220; Des Moines Nav. Co. v. Iowa Homestead Co., 123 U. S. 552, 557, 559, 8 Sup. Ct. 217, 31 L. Ed. 202; Evers v. Watson, 156 U. S. 527, 533, 15 Sup. Ct. 430, 39 L. Ed. 520. In Des Moines Nav. Co. v. Iowa Homestead Co., 123 U. S. 552, 557, 8 Sup. Ct. 217, 31 L. Ed. 202, the question arose as to whether a judgment relied upon as res adjudicata was a void judgment. It was objected that the judgment both of the Circuit Court and of the Supreme Court affirming that of the Circuit Court were void for want of jurisdiction. The suit was one which had been removed from the state court to the Circuit Court of the United States. The removal was upon the ground of diversity of citizenship; but the record showed that it was not a removable case, because some of the defendants who did not join in the removal were citizens of the same state with the plaintiff. All of the defendants, however, appeared in the Circuit Court and answered, no objection being made to the jurisdiction at any stage of the case, and a final judgment upon the merits was rendered. Touching this question, the court said:

"Here the question is whether, if all the parties were actually before the Circuit Court, the decree of this court on appeal is absolutely void, if it appears on the face of the record that some of the defendants who did not join in the petition for removal were citizens of the same state with the plaintiff. It was settled by this court at a very early day that, although the judgments and decrees of the Circuit Courts might be erroneous, if the records failed to show the facts on which the jurisdiction of the court rested, such as that the plaintiffs were citizens of different states from the defendants, yet that they were not nullities, and would bind the parties until reversed or otherwise set aside. In Skillern's Executors v. May's Executors, 6 Cranch, 267, 3 L. Ed. 220, the Circuit Court had taken jurisdiction of a suit and rendered a decree. The decree was reversed by this court on appeal, and the cause remanded, with directions to proceed in a particular way. When the case got back it was discovered that the cause was 'not within the jurisdiction of the court,' and the judges of the Circuit Court certified to this court that they were

opposed in opinion on the question whether it could be dismissed for want of jurisdiction after this court had acted thereon. To that question the following answer was certified back: 'It appearing that the merits of the cause had been finally decided in this court, and that its mandate required only the execution of its decree, it is the opinion of this court that the Circuit Court is bound to carry that decree into execution, although the jurisdiction of that court be not alleged in the pleadings.' That was in 1810. In 1825, McCormick v. Sullivant, 10 Wheat. 192, 6 L. Ed. 300, was decided by this court. There a decree in a former suit was pleaded in bar of the action. To this a replication was filed, alleging that the proceedings on the former suit were coram non judice, the record not showing that the complainants and defendants in that suit were citizens of different states; but this court held on appeal that 'the courts of the United States are courts of limited, but not of inferior, juris-diction. If the jurisdiction be not alleged in the proceedings, their judgments and decrees may be reversed for that cause on writ of error or appeal; but until reversed they are conclusive between the parties and their privies.' 'But they are not nullities.' There has never been any departure from this rule."

It follows therefore from the exercise of jurisdiction that there is an incontestable presumption that the court determined that it had jurisdiction under the appeal.

Second. But we made no mistake in treating the case as properly here by an appeal under the general appellate jurisdiction of this court. The case presented a "controversy" arising in bankruptcy. It involved the claim of the bank under a chattel mortgage to assets in the posses-sion of the bankrupt's trustee. The bankrupt court, under the broad powers conferred by section 2 of the bankrupt act, had the power to determine controversies relating to the estate of the bankrupt in its possession, whether the controversy related to the title or to liens thereon or rights therein. The property here involved had been sur-rendered by the bank to the trustee; the bank reserving its rights against the proceeds of sale. Having the actual possession, it mat-tered nothing whether the trustee instituted a proceeding to bring the bank in for the determination of the controversy, or whether the bank had intervened by petition to assert its rights. Whitney v. Wen-man, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; Wolkowich v. Mason, 150 Fed. 699, 703, 80 C. C. A. 435.

Certain it is, whether the bankrupt was brought in under the power of the court, under section 2 of the act, to "bring in or substitute ad-ditional persons or parties in proceedings in bankruptcy when nec-essary for the complete determination of a matter in controversy," or came in as intervener, there was no objection made at any time to the jurisdiction over either the property or the person of the claim-ant. In Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157, the trustee filed a bill in equity in the District Court against parties claiming rights against property of the bankrupt in his posses-sion. The jurisdiction was sustained under section 2 of the bankrupt act. In that case the court said:

"Nor can we perceive that it makes any difference that the jurisdiction is not sought to be asserted in a summary proceeding, but resort is had to an action in the nature of a plenary suit, wherein the parties can be fully heard after the due course of equitable procedure."

The case of First National Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, was one in which the property

in controversy was not within the possession of the trustee, and the defendant objected to the jurisdiction of the District Court over both the property and his person. The proceeding there which the court held reviewable and not appealable was the order of sale to which the bank had objected. Upon this objection being overruled, they did not abandon but asserted their claim. This was held not to be a waiver. In the case styled In re McMahon, 147 Fed. 684, 689, 77 C. C. A. 668, we explained that case as one holding that the order of sale was a step in bankruptcy which was reviewable. In Wolkowich v. Mason, 150 Fed. 699, 703, 80 C. C. A. 435, the Circuit Court of Appeals for the First Circuit made the same explanation. Manifestly, the case did not overrule Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 Sup. Ct. 690, 48 L. Ed. 986. In York Manufacturing Co. v. Cassell, 201 U. S 344, 26 Sup. Ct. 481, 50 L. Ed. 782, the claimant came in by petition to set up a claim against property in the possession of the trustee. The decree of the bankrupt court came by appeal to this court and went by appeal to the Supreme Court. We entertain no doubt, if the question be open for consideration upon such a motion as this, that the case was appealable and not reviewable, and that we had complete jurisdiction.

The motion to vacate is denied.