GALBRAITH v. ROBSON–HILLIARD GROCERY CO. et al.

(Circuit Court of Appeals, Eighth Circuit. July 29, 1914.)

No. 140.

BANKRUPTCY (§ 293*)—COURTS—MORTGAGE LIEN—VALIDITY—PREFERENCES.
   Where a bankrupt's trustee had possession of certain real property belonging to one of the bankrupts and located in another state, the bankruptcy court in which the proceedings were pending had exclusive jurisdiction to determine the validity of the lien of a mortgage executed by the bankrupt owner to secure a pre-existing debt of the bankrupts, which the trustee claimed was a voidable preference, and to determine such question by any mode of proceedings which, with reference to the particular case, would constitute due process of law.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*]

Petition to Revise Order of the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Petition by John P. Galbraith, as trustee in bankruptcy of John Magnuson and another, doing business as John Magnuson & Co., to set aside a certain mortgage executed by John Magnuson and wife to S. Robson, to secure a pre-existing debt due from the bankrupt firm to the Robson-Hilliard Grocery Company, a Minnesota corporation. A referee's order dismissing the petition for want of jurisdiction was affirmed by the District Court, and petitioner files a petition to revise. Order and decree vacated, and cause remanded for further proceedings.

Todd & Kerr, of St. Paul, Minn., for petitioner.

Leach & Leach, of Owatonna, Minn., for respondents.

Before HOOK and CARLAND, Circuit Judges, and REED, District Judge.

CARLAND, Circuit Judge. This is a petition to revise in matter of law an order of the District Court for the District of Minnesota, affirming an order of the referee in bankruptcy made January 19, 1914, whereby he sustained objections to his jurisdiction to hear the petition of petitioner, made by counsel for respondents. The petition filed with the referee set forth the following facts: That the petitioner, John T. Galbraith, was the duly appointed, qualified, and acting trustee in bankruptcy of the estate of John Magnuson and Victor J. Magnuson, copartners as John Magnuson & Co., and as individuals. That the Robson-Hilliard Grocery Company of Pipestone, Minn., was a corporation duly organized and existing under and by virtue of the laws of the state of Minnesota. That among the assets of said estate in the possession of said John P. Galbraith, as trustee aforesaid, was the following described land lying and being in the county of Sully, state of South Dakota, to wit, "The east half of section 33, township 114, range 74 west." That heretofore, and prior to the 21st day of February, 1913, said bankrupts had purchased on open account from the said Robson-Hilliard Grocery Company goods, wares, and merchandise

of the agreed value of about $1,700, which said indebtedness on said 21st day of February, 1913, was past due and wholly unsecured, and that on or about the said 21st day of February, 1913, for the purpose of securing said past due and pre-existing indebtedness, and at the solicitation and request of said Robson-Hilliard Grocery Company, and not otherwise, John Magnuson, one of said bankrupts, and wife, executed a certain mortgage covering said real estate to S. Robson, of Pipestone, Minn., which said mortgage recited a consideration of $1,-700. That said mortgage was filed for record in the office of the register of deeds in and for Sully county, S. D., on the 25th day of February, 1913, and recorded in Book 34 of Mortgages, p. 634, and that ever since said 25th day of February, 1913, said mortgage purported to constitute a lien and incumbrance against said property. That said bankrupts were wholly insolvent on February 21 and 25, 1913, and that fact on those dates was well known to said Robson-Hilliard Grocery Company, and to said S. Robson, and said Robson-Hilliard Grocery Company and said S. Robson at all of said times had reasonable cause to believe that said bankrupts and each of them were on said date wholly insolvent. That the bankrupts filed a petition in voluntary bankruptcy on April 3, 1913, both as copartners and individually, and that said bankrupts were on the 3d of April adjudicated bankrupts. That the value of the assets of said bankrupts will not pay to exceed 40 per cent. of the approved claims against the estate. That said S. Robson and the Robson-Hilliard Grocery Company claim to be owners and holders of said mortgage, and have refused to satisfy the same of record, and that the lien created by said mortgage is wholly invalid, for the same created an unlawful preference in contravention of the provisions of the Bankruptcy Law. The prayer of the petition prayed for an order of the court, citing the said S. Robson and Robson-Hilliard Grocery Company of Pipestone, Minn., to appear and show cause, if any there should be, at a time and place to be fixed by the court, why an order should not be then and there entered ordering and directing said Robson or Robson-Hilliard Grocery Company, to deliver up said mortgage to said trustee, and to execute and deliver a certificate of discharge thereof sufficient in form to properly purge the record of said register of deeds office of said purported lien and incumbrance. The referee granted an order to show cause, and at the return day thereof the Robson-Hilliard Grocery Company and S. Robson, by their counsel, appeared and objected to the matters involved in said petition being heard or determined or adjudicated in a summary manner by said referee or by said court on the ground that said court had no jurisdiction to determine the same, and that said S. Robson and the Robson-Hilliard Grocery Company did not consent to have the matters involved in said petition heard, tried, or determined in said United States District Court, in a summary manner. The referee sustained the objection of respondents, and the validity of this ruling of the referee was by a petition for review certified to the District Judge, who, upon a hearing thereof, affirmed the ruling of the referee, as hereinbefore stated. There was no question in the court below but that the real estate, upon which the lien is claimed,

was in the possession of the United States District Court for the District of Minnesota, by its trustee in bankruptcy. This fact was alleged in the petition, and the referee so certified to the judge of the District Court. While the question raised by this appeal is important, we do not think the determination thereof is difficult in view of the decisions of the Supreme Court of the United States and of this court. The United States District Court for the District of Minnesota, whose power and authority, so far as its jurisdiction existed the referee was exercising, had exclusive jurisdiction to determine the validity of the lien of the mortgage by virtue of its possession of the real estate upon which the lien was claimed. Robertson v. Howard, 229 U. S. 254, 33 Sup. Ct. 854, 57 L. Ed. 1174; Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; Wabash Railroad v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 642, and cases cited; Herbert v. Crawford, 228 U. S. 204, 33 Sup. Ct. 484, 57 L. Ed. 800; Murphy v. Hoffman Co., 211 U. S. 563, 29 Sup. Ct. 154, 53 L. Ed. 327; Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; United States Fidelity Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055.

The following language is quoted from Babbitt v. Dutcher, supra, in support of the proposition that the United States District Court for the District of Minnesota did not have jurisdiction to hear the matters arising upon the petition of the trustee:

"There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy. In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated. In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation."

Isolated paragraphs may be taken from the opinion of a court and separated from the context, may often seem to support a principle which the court, in rendering the opinion, had not in mind. The case of Babbitt v. Dutcher was as follows: The Randolph-Macon Coal Company was a Missouri corporation and was duly adjudicated a bankrupt March 26, 1907, by the United States District Court for the Eastern Division of the Eastern Judicial District of Missouri. Babbitt was appointed trustee. He made demand upon the president of the coal company for the possession of the corporation's records and stock books which were kept in the office maintained by the company in New York City. Their request was refused. Thereupon the trustee made application to the District Court in and for the Southern District of New York, by petition, for an order directing James T. Gardiner, the president, and Howard Dutcher, the secretary, of the company, or either of them, to deliver to him the stock certificate book, the cor-

poration minute book, and the stock register of said company, together with all other records and documents belonging to said company in their possession or under their control. Gardiner and Dutcher were within the jurisdiction of the District Court for the Southern District of New York, and the books and papers referred to were within their custody. Thereafter a hearing was had on the petition, and the District Judge refused to grant the order prayed for, for the reason that he had no jurisdiction to make it or to entertain proceedings instituted by a trustee in bankruptcy duly appointed in a bankruptcy proceeding pending in another district. The Supreme Court on appeal said:

"We have no doubt that the books and records in question passed, on adjudication, to the trustee, and belong in the custody of the bankruptcy court, and, there being no adverse holding, that the bankruptcy court had power upon a petition and rule to show cause to compel their delivery to the trustee. Bryan v. Bernheimer, 181 U. S. 188 [21 Sup. Ct. 557, 45 L. Ed. 814]; Mueller v. Nugent, 184 U. S. 1 [22 Sup. Ct. 269, 46 L. Ed. 405]; Louisville Trust Co. v. Comingor, 184 U. S. 18 [22 Sup. Ct. 293, 46 L. Ed. 413]; First National Bank v. Title & Trust Co., 198 U. S. 280 [25 Sup. Ct. 693, 49 L. Ed. 1051]; Whitney v. Wenman, 198 U. S. 539 [25 Sup. Ct. 778, 49 L. Ed. 1157]."

Proceeding then to the real question in the case, namely, as to whether the District Court of the United States in and for the Southern District of New York had jurisdiction to entertain this particular proceeding and grant the relief prayed for, Chief Justice Fuller used the language first above quoted.

It is clear that the learned Chief Justice had in mind, first, claims of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy; and, second, where there is no claim of adverse title based on any transfer, prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt or of an officer of a bankrupt corporation who refuses to deliver it to the trustee in bankruptcy. Now Babbitt v. Dutcher was a proceeding to obtain the possession of books and papers; hence the language used must be construed with reference to such a proceeding.

When this view is taken, the language first above quoted simply refers to cases where the bankruptcy court is seeking to obtain possession of property, and, as thus understood and interpreted, the language of course is eminently correct, but the language in no wise refers to a case where the bankruptcy court has possession of the property. In this very case of Babbitt v. Dutcher the Supreme Court decided that the District Court of the United States for the Southern District of New York had jurisdiction in the summary proceeding adopted to compel a delivery of the books and papers. In re Rathman, 183 Fed. 913, 106 C. C. A. 253, this court, by Judge Sanborn, said:

"(1) The bankruptcy court has jurisdiction to draw to itself, and to determine by summary proceedings after reasonable notice to claimants, the merits of controversies between the trustee and such claimants over liens upon and the title to property claimed by the trustee as that of the bankrupt which has been lawfully reduced to the actual possession of the trustee or of some other officer of the bankruptcy court as the property of the bankrupt. Murphy v. John Hoffman Co., 211 U. S. 562, 569, 570, 29 Sup. Ct. 154, 53 L. Ed. 327; White v. Schloerb, 178 U. S. 542, 545, 546, 548, 20 Sup. Ct.

1007, 44 L. Ed. 1183; In re Eppstein, 156 Fed. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465; Thomas v. Woods, 173 Fed. 585, 587, 590, 97 C. C. A. 535, 537, 540, 26 L. R. A. (N. S.) 1180 [19 Ann. Cas. 1080]; Mound Mines Co. v. Hawthorne, 173 Fed. 882, 886, 97 C. C. A. 394, 398; Goodnough Mercantile & Stock Co. v. Galloway (D. C.) 156 Fed. 504, 509; In re McMahon, 77 C. C. A. 668, 669, 671, 147 Fed. 684, 685, 687; Whitney v. Wenman, 198 U. S. 539, 549, 553, 25 Sup. Ct. 778, 49 L. Ed. 1157."

In Shea v. Lewis, 206 Fed. 877, 124 C. C. A. 537, this language was cited with approval. It is true that in both In re Rathman and Shea v. Lewis, supra, the court held that the court had no jurisdiction to entertain the proceeding in which the controversy arose, but it was based in each case upon the fact that the United States District Court of South Dakota or Minnesota did not have possession of the property involved; the same being in the possession of the owners and claimants thereof. But the question as to when the bankruptcy court could take jurisdiction by summary proceedings was involved and decided.

In T. E. Wells & Co. v. Sharp, 208 Fed. 396, 125 C. C. A. 609, this court held that the United States District Court for South Dakota had jurisdiction to proceed in a summary way to decide the validity of a lien claimed by T. E. Wells & Co. against certain property of the Plymouth Elevator Company, a bankrupt, on the ground that the T. E. Wells & Co., who had been in the possession of the property, had voluntarily delivered it to the trustee. This court decided in the same case that, if the property had remained in the possession of T. E. Wells & Co., the proceeding would rightly have been a plenary suit, but there is nothing in this case that conflicts with the general rule.

The case of In re McMahon, 147 Fed. 684, 77 C. C. A. 668, was a case in all respects similar to the one at bar, and it was there held by the Court of Appeals of the Sixth Circuit that the summary proceedings to determine the validity of the lien of a mortgage was proper.

See, also, Remington on Bankruptcy, vol. 1, § 1796; In re Noel (D. C.) 137 Fed. 694; In re Eppstein, 156 Fed. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465; Loeser v. Bank Co., 163 Fed. 212, 89 C. C. A. 642; In re Bacon, 210 Fed. 129, 126 C. C. A. 643; In re Granite City Bank, 137 Fed. 818, 70 C. C. A. 316.

An examination of the authorities convinces us that, in a case like the one at bar, the court, having possession of the property, has the exclusive jurisdiction to determine the validity of the lien thereon, and that it may adopt any mode of proceeding which with reference to the particular case is due process of law. The court in this case having possession of the property, it is not necessary to discuss the question as to when a court of bankruptcy may by summary proceedings obtain the possession of property belonging to the estate of the bankrupt.

The petition to revise is granted; the order and decree below is vacated and set aside, and the case remanded for further proceedings not inconsistent with the views herein expressed.

REED, District Judge (concurring). I concur in the foregoing opinion for the reason that, by the decision of the referee approved by the

judge upon petition for review, it is held in effect that the referee had no jurisdiction to require the Robson-Hilliard Grocery Company to appear and show cause why it should not be required to deliver its mortgage to the trustee and cancel the same of record. That the referee had jurisdiction (the property covered by the mortgage of the grocery company having been reduced to possession by the trustee as alleged) to make such an order upon proper notice to it and proof of the facts alleged in the petition asking for the order, I have no doubt.

The grocery company appeared in response to the notice and objected to "the matters involved in the petition of the trustee being heard or determined in a summary manner by said referee, or by said court, on the ground that said court had no jurisdiction to determine the same," and that it did not consent to have said matters so tried, heard or determined in a summary manner. The District Court filed no opinion and stated no reason for approving the order of the referee sustaining this objection. If it was sustained upon the ground that the referee had no jurisdiction or authority to require the grocery company to appear and show cause why it should not cancel and surrender its mortgage if the facts alleged in the petition were true, its ruling was error, for the referee had undoubted jurisdiction to require it to do so, if the facts alleged were true. If it was sustained upon the ground that the referee had no authority to hear and determine the alleged matter summarily, then it does not appear that the referee would have done so (admitting, for the present without deciding, that he could not rightly do so), and it should have been presumed that he would have heard and determined the matter in such manner as would accord to the parties the right to establish their respective claims in the usual course of equitable procedure, and his ruling was premature.

The grocery company should have been required, it seems to me, to answer or otherwise take issue upon the facts alleged in the petition of the trustee, and the issues so raised should have been heard and determined in such manner as would accord to the grocery company the right to show if it could do so that its mortgage, though made within the four months immediately preceding the bankruptcy, was not in fact a preference within the meaning of the bankruptcy act.

When a referee in bankruptcy may, and when he may not, determine summarily questions in bankruptcy proceedings pending before him is determined by the Supreme Court in Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413, First National Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, and other cases; and the rule held in those cases has never been departed from, so far as I can discover, but has been consistently adhered to in later cases by that court. See Collier on Bankruptcy (10th Ed., 1914) 489 et seq. That a court of bankruptcy, having the rightful custody of the bankrupt estate, has exclusive jurisdiction to determine all claims of third parties to such property is not doubted.

In Re McMahon, 147 Fed. 684, it is expressly held at page 687 of the opinion (as I read it) 77 C. C. A. 668, that the proceedings to which

McMahon was made a party to have the trust deed of the bankrupt to him canceled and set aside was not in the strict sense a summary proceeding, but was in its essence a petition to bring in persons (under section 2 [7] of the bankruptcy act [Act July 1, 1898, c. 541, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421)]), asserting liens upon the property of the bankrupt, for the purpose of determining the rights of such persons in such property, and is in substance a plenary suit; and such in effect is the nature of the proceedings here under review.

The petition to revise should be sustained, and the cause remanded to the court of bankruptcy, with directions to require the Robson–Hilliard Grocery Company to answer or otherwise take issue upon the petition of the trustee, and to proceed in such manner as will accord to the parties a full hearing and opportunity to show whether or not the mortgage of the grocery company is or is not a voidable preference under the bankruptcy act.