## GIBBONS v. GOLDSMITH.

(Circuit Court of Appeals, Ninth Circuit.    May 3, 1915.)

No. 2481.

1. BANKRUPTCY ⬯455—REVIEW—APPEAL—"CONTROVERSY IN A BANKRUPTCY PROCEEDING."

Wherever a third person claims the property held by the trustee in bankruptcy, whether he intervenes by original petition or is brought in on the application of the trustee, he institutes a "controversy in a bankruptcy proceeding" in which the judgment is appealable under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1913, § 9608).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. ⬯455.

For other definitions, see Words and Phrases, Second Series, Controversy Arising in Bankruptcy Proceeding.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY ⬯440—REVIEW—PETITION TO REVISE—"BANKRUPTCY PROCEEDING."

A question raised by the claimant of property adverse to a trustee in bankruptcy, whether the bankruptcy court had jurisdiction to determine that claim, is a question of a "bankruptcy proceeding," reviewable by petition to revise, under Bankr. Act, § 24b.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⬯440.

For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceeding.]

3. BANKRUPTCY ⬯140—JURISDICTION OF COURT—ADVERSE CLAIM—COMMUNITY PROPERTY.

Under the provisions of the Bankruptcy Act, vesting the trustee with the title of the bankrupt to all property which, prior to the filing of the petition against him, could have been sold under judicial proceedings against him, and Rem. & Bal. Code Wash. § 5918, giving to the husband the control of the community property, and providing that such property may be sold on execution for community debts, and the decisions of the state courts that debts contracted by the husband during the existence of the marriage are prima facie community debts, the bankruptcy court has jurisdiction to determine the disposition of funds in the hands of the trustee in bankruptcy arising from the sale of community property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬯140.

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

4. BANKRUPTCY ⬯140—ADVERSE CLAIMS—DETERMINATION—PROCEEDINGS.

Such jurisdiction was properly exercised, where the wife was given full opportunity to present her claim to the property, to frame issues, and to adduce evidence to the same extent as she might have done in any other suit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬯140.]

Petition for Revision of Proceeding of the District Court of the United States for the Northern Division of the Western District of Washington, in Bankruptcy; Jeremiah Neterer, Judge.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition by Mary L. Gibbons against J. S. Goldsmith, as trustee in bankruptcy of the estate of Pat Gibbons, bankrupt, to revise an order of the District Court entered in the bankruptcy proceedings. Petition dismissed.

Pat Gibbons, upon the petition of creditors, was adjudged a bankrupt. The bankrupt's estate consisted of 640 acres of land on which was a coal mine then under a lease for a period of years. This property was acquired by the bankrupt and his wife, the petitioner herein, through their joint efforts, and, under the laws of the state of Washington, it was community property. The petitioner was not a party to the bankruptcy proceedings, nor did she in any way assent thereto. The trustee took possession of the property, caused the land to be appraised, and sold, subject to the lease, for the sum of $48,050. In the meantime, pending the bankruptcy proceedings, the lessee had paid $8,174.51, as royalties under the lease, to the Seattle National Bank, for the benefit of the trustee. It was paid to the bank, for the reason that the trustee contemplated contesting the validity of the lease, and declined to receive the same. The estate being in a condition to be closed, the trustee decided to withdraw the $8,174.51 from the Seattle National Bank. The bank declined to pay the same, on the ground that the petitioner had asserted some adverse claim to the fund. The trustee thereupon filed his petition in the District Court, praying for an order directing the bank to show cause why it should not pay the money, and directing the petitioner to appear at the same time and propound any claim which she might have, not only to the money in the bank, but also to the money realized on the sale of the land. The petitioner appeared and objected to the jurisdiction, and moved to quash the citation to show cause. These motions being overruled, she answered, alleging that all of the said land belonged to the community; that the entire indebtedness of Pat Gibbons was separate, and not the indebtedness of the community; that before the sale of said land was made, or attempted to be made, she duly filed in the office of the auditor of the county in which the same is situated a claim asserting her community title and interest in and to said property, and the trustee in bankruptcy had notice of her rights and claim. In the answer she insisted upon her objection to the jurisdiction, and refused to consent to the matter being heard and determined by the bankruptcy court, and prayed that the proceedings be quashed. The allegations of the answer were put in issue by the trustee. The petitioner offered no proof on the hearing. The referee entered an order adjudging all the assets to be property of the community, and held that some, if not all, of the claims proved were actually community debts, that under the law the debts were presumptively community debts, and that the trustee was entitled to the control of the community property and to the funds derived therefrom. The petitioner brought the matter before the District Court for review, and the order of the referee was affirmed. The petitioner on a petition to revise now presents the foregoing facts to this court, and prays that the order of the District Court and the referee be vacated, set aside, and held for naught, and that it be adjudged that the District Court had no jurisdiction over the funds in the possession of the Seattle National Bank, and no jurisdiction over the money realized from the sale of the lands, and no jurisdiction to sell or dispose of said lands, and no jurisdiction to adjudge in this summary proceeding the rights of the petitioner.

Israel & Kohlhase and Joseph W. Robinson, all of Seattle, Wash., for petitioner.

Clise & Poe, of Seattle, Wash., for Dexter Horton Trust & Savings Bank.

McClure & McClure, of Seattle, Wash., for J. S. Goldsmith, as trustee, etc.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). This case presents the beclouded question which arises in nearly every case in which review of decisions in bankruptcy is sought in an appellate court. Is the remedy by appeal or by petition to revise? Is the judgment to be reviewed a step in a bankruptcy proceeding, or is it a controversy arising in a bankruptcy proceeding? The answer to the question in a case of this kind depends upon the nature of the proceeding in the bankruptcy court, and the questions which are to be presented for review to the appellate court. It is to be observed that the petitioner in this case does not attempt to bring before this court the merits of a controversy which was decided in the court below. She presents only the question of the jurisdiction of that court to deal with the subject-matter of the proceeding. The prayer of her petition is that it be adjudged that the District Court had no jurisdiction over any of the funds realized from the community property or the sale thereof, and had no jurisdiction to sell or dispose of said property, and no jurisdiction to determine in a summary proceeding the rights of the petitioner in or to said funds or said lands.

[1] If the petitioner were here seeking a reversal of the judgment on the merits, and asserting the adverse right to receive all or a portion of the funds in the hands of the court in the proceeding which was instituted therein, her remedy would clearly be by appeal. For wherever, in a proceeding such as this, a third person intervenes in the bankruptcy court and asserts an independent and superior title to the property held by the trustee, claiming the right to recover and remove the same from the jurisdiction of the bankruptcy court as part of the estate to be administered, he institutes a controversy in a bankruptcy proceeding, whether he intervenes by an original petition, or is brought into court upon the application of the trustee, and to review the judgment of that court his remedy is by an appeal under the provisions of section 24b. Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772, 16 Ann. Cas. 1008; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Knapp v. Milwaukee Trust Co., 216 U. S. 545, 30 Sup. Ct. 412, 54 L. Ed. 610; Houghton v. Burden, 228 U. S. 161, 33 Sup. Ct. 491, 57 L. Ed. 780; Loeser v. Savings Deposit Bank & Trust Co., 163 Fed. 212, 89 C. C. A. 642; In re Hartzell, 209 Fed. 775, 126 C. C. A. 499; In re McMahon, 147 Fed. 685, 77 C. C. A. 668; In re Moody (D. C.) 131 Fed. 525; In re Rochford, 124 Fed. 182, 59 C. C. A. 388; Galbraith v. Robson-Hilliard Grocery Co., 216 Fed. 842, 133 C. C. A. 46.

[2] But where it is sought, as in this case, to present to the Circuit Court of Appeals the question whether the District Court erroneously exercised jurisdiction to determine the merits of an adverse claim to property, the question of law so raised is a question of a bankruptcy proceeding, and it is reviewable by a petition to revise under section 24b of the Bankruptcy Act. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Schweer v. Brown, 195 U. S. 171, 25 Sup. Ct. 15, 49 L. Ed. 144; First Nat. Bank v. Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051; In re Gill, 190 Fed.

726, 111 C. C. A. 454; In re McMahon, 147 Fed. 684–687, 77 C. C. A. 668; In re Blum, 202 Fed. 883, 121 C. C. A. 241; Shea v. Lewis, 206 Fed. 877, 124 C. C. A. 537; In re Goldstein, 216 Fed. 887, 133 C. C. A. 91.

In Schweer v. Brown the court said:

"If the court erred in retaining jurisdiction on the merits, the remedy was by petition to the Circuit Court of Appeals under section 24b."

In Re McMahon Judge Lurton said:

"In respect to the judgment of the District Court overruling the objections made to the * * * jurisdiction, we have reached the conclusion that the action of that court was subject to review under the supervisory powers conferred upon this court by section 24b."

[3] The only question which remains to be considered is whether the District Court had the jurisdiction and power to entertain the proceeding and render the judgment which is complained of. The real estate out of which the fund in controversy was realized was admittedly community property. The petitioner and the bankrupt had been married more than 29 years. The debts were incurred within that period. The status of the community property in the bankruptcy court, and the rights of the members of the community in respect to the same, are to be determined by the statutes and the decisions of the state of Washington. Section 5918, Remington & Ballinger's Code, gives the husband the management and control of the community real property, and provides that all such community real estate shall be subject to liens of judgments recovered for community debts, and to sale on execution issued thereon. By the decisions of the Supreme Court of that state it is well settled that, while all property acquired by the husband is prima facie community property, all debts created by him during the existence of the marriage are prima facie community debts. Calhoun v. Leary, 6 Wash. 21, 32 Pac. 1070; Bird v. Steele, 74 Wash. 68, 132 Pac. 724. Numerous other decisions may be cited to the same effect. It is also well settled that an execution issued against the husband for a community debt may be levied on community real property. Curry v. Catlin, 9 Wash. 495, 37 Pac. 678, 39 Pac. 101; Horton v. Donohoe-Kelly Banking Co., 15 Wash. 399, 46 Pac. 409, 47 Pac. 435; Allen v. Chambers, 18 Wash. 341, 51 Pac. 478. In Thygesen v. Neufelder, 9 Wash. 455, 37 Pac. 672, it is held that a conveyance by a husband to an assignee for the benefit of community creditors is a rightful application of community property for the discharge of community obligations; and in Bimrose v. Matthews, 78 Wash. 38, 138 Pac. 319, it was held that a discharge of the husband in bankruptcy from the obligation of a community debt of necessity discharged also the wife, although she was not a party to the bankruptcy proceeding. Prima facie, as we have seen, the debts were all community obligations. The trustee, by operation of the Bankruptcy Act, became vested with the title of the bankrupt to all property which, prior to the filing of the petition against him, could have been sold under judicial process against him.

The fund which was the subject of the proceeding in the bank-

ruptcy court was in the actual possession of that court. It follows from that fact that the court had the power to deal with the question of its disposition and its distribution. In Murphy v. John Hofman Co., 211 U. S. 562, 569, 29 Sup. Ct. 154, 158 (53 L. Ed. 327), it was said:

"Where a court of competent jurisdiction has taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court having possession of the property has an ancillary jurisdiction to hear and determine all questions respecting the title * * * or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised, though it is not authorized by any statute. The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them."

So in Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157, it was held that, where property was in the possession of the bankrupt at the time of the appointment of a receiver, the bankruptcy court had jurisdiction to determine the title to it as against an adverse claimant. The District Court had therefore jurisdiction to hear and determine all adverse claims to the fund which was in its possession, and that jurisdiction was properly exercised in the manner in which the proceeding under consideration here was had. That proceeding was not strictly summary, but it was plenary in its nature. It afforded the petitioner herein as full opportunity to present her claim, to frame issues, and to adduce evidence as she could have had in any other form of suit. As Judge Lurton said in Loeser v. Savings Deposit Bank & Trust Co., 163 Fed. 212, 89 C. C. A. 642:

"Having the actual possession, it mattered nothing whether the trustee instituted a proceeding to bring the bank in for the determination of the controversy, or whether the bank had intervened by petition to assert its rights."

It follows that the petition must be dismissed, with costs in favor of respondent and against petitioner.