### LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA v. ENDRES et al.

#### In re LEAVENWORTH BRIDGE CO.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1923.)

No. 6154.

1. **United States ⟨⟩111—Assignment of claims against void.**

An assignment by contractors for public work to the surety on their bond of any sums which might become due them from the government under the contract to indemnify the surety for liability it might incur on the bond *held* void under Rev. St. § 3477 (Comp. St. § 6383).

2. **Subrogation ⟨⟩7(2)—Surety of bankrupt on government contract held subrogated to equitable lien on extra compensation paid by government.**

Where a contractor for government work became bankrupt, and it did not appear that other creditors were of the class protected by his bond as contractor, the surety on such bond, which was required to pay claims for labor and material furnished, *held* entitled by subrogation to an equitable lien on a fund paid by the government as compensation for extra expense incurred, beyond the contract price, in completing the work.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

In the matter of the Leavenworth Bridge Company, a copartnership composed of A. Rohr and Joseph W. Young, bankrupt; Benjamin F. Endres, trustee. From an order of the District Court, the London & Lancashire Indemnity Company of America appeals. Reversed.

Murat Boyle, of Kansas City, Mo. (Harold J. Pack, of Washington, D. C., and William S. Hogsett, of Kansas City, Mo., on the brief), for appellant.

W. W. Hooper, of Leavenworth, Kan., for appellees.

Before LEWIS, Circuit Judge, and BOOTH and JOHNSON, District Judges.

LEWIS, Circuit Judge. This is an appeal from an order of the Bankruptcy Court allowing a claim of appellant, but refusing to give it a preference in payment out of a fund of $30,843.45 that came to Endres, Trustee of the bankrupt estate, under the Act of March 1, 1921 (41 Stat. 1156, 1164). These are the facts:

In December, 1917, the Leavenworth Bridge Company, a co-partnership composed of A. Rohr and Joseph W. Young, contracted with army officers in charge at Fort Riley to construct a bridge over the Republican River at that place for the agreed consideration of $45,000.00. Appellant was surety on their bond as required by the Act of February 24, 1905, amending the Act of August 13, 1894 (28 Stat. 278, 33 Stat. 811; Comp. Stat. § 6923), for performance of the contract, and obligated itself that the contractor would pay for labor and material used. The bridge was completed, but owing to increase in wages and price of material it cost about $76,000.00 to construct it. An appropriation was made by Congress, Act March 1, 1921, supra, to cover the difference. Three weeks after the Act was approved appellant brought suit in the Supreme Court of the District of Columbia against Young and Rohr, the Secretary of the Treasury and the Treasurer of the United States, to enjoin the latter from delivering to and paying, and the former from receiving a draft or warrant for the amount of the appropriation and to have a lien adjudged in its favor against the fund for $10,909.17 which it as surety had been compelled to pay on judgments rendered against it for material used in the bridge, and $366.64 expended by it in that litigation. The Secretary and Treasurer were served the day the suit was begun and a temporary restraining order issued. Young was served with copies of subpoena and complaint in Florida on March 25, and Rohr in Kansas on March 26, and on April 15 decree pro confesso was entered against them. On April 22, 1921, a preliminary injunction issued. Five days before that suit was instituted the co-partnership assigned all of the fund to Manufacturers' National Bank of Leavenworth, Kansas, for the benefit of all its creditors.

The Secretary and Treasurer answered the complaint on April 22, wherein they "call attention to the absence of any allegation in the bill of complaint that either the United States or the defendants Joseph W. Young and A. Rohr, co-partners, doing business under the firm name and style of Leavenworth Bridge Company, have elected to make the sum alleged to be due from the United States payable in the

District of Columbia to the defendants last aforesaid; and inasmuch as debts due from the United States have no situs in the District of Columbia, these defendants aver that this Honorable Court has no jurisdiction, power or authority to pass any order or decree herein which will protect the United States, in the absence of personal service upon the defendants Joseph W. Young and A. Rohr," and they challenged jurisdiction as though they had moved to dismiss the bill. The Secretary and Treasurer doubtless relied on Wyman v. Halstead, 109 U. S. 654, 3 Sup. Ct. 417, 27 L. Ed. 1068; Houston v. Ormes, 252 U. S. 469, 40 Sup. Ct. 369, 64 L. Ed. 667, and cases there cited.

On April 8, 1921, the partnership and Rohr filed their petition in the Bankruptcy Court for the District of Kansas to be adjudged bankrupts, and they were so adjudicated on April 9, and April 22 Endres was elected and qualified as Trustee. On May 15 Captain Dick, the disbursing officer of the War Department stationed at Fort Riley, issued and delivered to Endres, as Trustee in Bankruptcy, a check for the full amount of the appropriation, drawn on the Treasurer of the United States, which was paid in due course.

Appearing specially on May 17 Endres and Rohr jointly filed motions to dissolve the temporary injunction and stay the cause, and assigned as reason therefor "the bankruptcy of the Leavenworth Bridge Company and A. Rohr." On May 27 leave to withdraw the motions was granted. The reason assigned was a proper one for special appearance, it was not thereafter regarded by court and counsel as a general appearance, as will presently be seen, and we think it was not general; though we regard that as immaterial.

On June 11, 1921, the Secretary in a letter to the Judge who had issued the restraining order and preliminary injunction said he had just learned that the check had been issued and paid, and in explanation added:

"Appropriations made by Congress for the army are aggregated as 'Army Account of Advances,' and it is assumed that moneys which had been placed at the disposal of Captain Dick for disbursement from 'Army Account of Advances,' have been charged by him with the amount of his check issued to the Trustee in Bankruptcy for Leavenworth Bridge Co."

No further action was taken against the Secretary and Treasurer. By inaction the cause was abandoned as to them. Nothing further appears to have been done in that suit until January 27, 1922, when appellant (plaintiff here) asked and obtained leave to amend its complaint. In the amendment it alleged the assignment of the fund to the Manufacturers' National Bank, the adjudication in bankruptcy on April 9, 1921, the appointment and qualification of Endres as Trustee and that it was necessary that they and Rohr be made parties defendant and asked that subpoenas issue. Pursuant thereto service was made on Endres and the Bank in Kansas on February 3, 1922, and on that service pro confesso was entered against them February 18, and final decree against them, Young and Rohr on March 23, 1922, wherein it is found, "the plaintiff is entitled to, and has a prior equitable lien upon, and a first claim on the sum of $30,843.45, payable by the United States to Leavenworth Bridge Company * * *

against the claims and demand of every kind, description or character of any of the said named defendants, against whom the decrees pro confesso were entered," naming as said defendants the Manufacturers' National Bank, Rohr, Young and Endres as Trustee in Bankruptcy, and fixing the amount of appellant's claim at $11,275.81. Thereafter appellant presented its claim based on that decree to the Bankruptcy Court, and asked that it be allowed a preference in payment out of the $30,843.45, in accordance with the decree. The record in that cause was put in evidence and it is brought here. The final decree, entered on the two decrees pro confesso, was rested on the allegations of the complaint as amended. It was therein alleged that the bridge was completed January 1, 1919, that final settlement was made with the contractor March 1, 1919, that suits were brought by those who had furnished material for the bridge against the contractor and appellant as surety in September, 1919, and judgments entered in the month following, that they were paid by appellant to the aggregate amount of its claim and the judgments assigned to it, that the bridge company and Young and Rohr were each insolvent, that the plaintiff (appellant here) would suffer irreparable injury unless they were restrained and enjoined from receiving or demanding the warrant, check or draft for the appropriation or the proceeds thereof, that the bridge company made application in writing to appellant to become surety on its bond and in that application it and Young and Rohr agreed to indemnify it against liability and loss, and for that purpose assigned and transferred to it all right, title and interest in the tools, plant, equipment and material at the bridge, that the surety should be subrogated to all rights and properties of the bridge company in its contract, and all deferred payments were assigned to the surety company, also all moneys that might be due and payable at the time of a breach or that might thereafter become due and payable to the bridge company on account of the contract should become the property of appellant to be credited upon any claim made upon it as surety, that the plaintiff had a lien upon and a claim to the draft, check or warrant and the proceeds thereof, and that by reason of its suretyship it was entitled to the relief of subrogation in the premises and to a decree adjudging an equitable lien against the draft and fund in its favor; it prayed accordingly. In the amendment to the bill filed January 27, 1922, it was alleged that the assignment of the amount of the appropriation by the bridge company to the Manufacturers' National Bank of Leavenworth was void under section 3477, Rev. Stat. (Comp. St. § 6383), that the bridge company and Rohr had been adjudicated bankrupts on April 9, 1921, and that Endres was elected and qualified as Trustee of the bankrupt estate on April 22, 1921, and that the bank, Rohr and Endres should be made parties defendant, that they be enjoined from demanding or receiving a draft, warrant or check and from disposing of the proceeds or funds thereof, and again prayed as in the original bill. Service on him was had as above-noted.

[1] We think the assignment of the contractor's rights and property to the surety made in the application to it to become surety gave no rights or claim to the appropriation, first, because there was no such

intention in the minds of the parties when the application was made and the surety became bound; and, second, the purported assignment being purely contractual was void under section 3477 supra. National Bank of Commerce v. Downie, 218 U. S. 345, 31 Sup. Ct. 89, 54 L. Ed. 1065, 20 Ann. Cas. 1116. We thus assume the Supreme Court gave no weight to the assignment set up and relied on, in reaching the conclusion on which it placed its finding, but made it on the claim of subrogation, which does not rest on contract, but is purely an equitable right growing out of the relation of the parties and circumstances in a proper case. It may be that the court acted without right after the fund had been removed from its jurisdiction, and that all of its procedure after May 15, 1921, when the full amount of the appropriation was paid over to Endres, the Trustee, was void. There can be no doubt, we think, of the exclusive jurisdiction of the Bankruptcy Court over the fund and its disposition after that date. Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305; U. S. Fidelity Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055; Railroad Co. v. Hall, 229 U. S. 511, 33 Sup. Ct. 885, 57 L. Ed. 1306; Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555; Galbraith v. Grocery Co., 216 Fed. 842, 133 C. C. A. 46; In re Diamond's Estate, 259 Fed. 70, 170 C. C. A. 138.

[2] But however that may be, the same facts on which the right to subrogation is claimed, were presented to the Bankruptcy Court that were considered by the Supreme Court, and if the claim is well founded there was error in not allowing to appellant a preference right against the fund; whether we consider the claim as finally established by the decree, or regard it on its merits at the time it was presented in bankruptcy. We note these additional facts, the bankrupt is indebted in an amount in excess of the appropriation, it does not appear that all of that indebtedness was contracted to meet expenditures for the bridge, nor the terms under which any of it was incurred in relation to the construction of the bridge, nor that any of those creditors were bound in any way to extend credit or assistance to the bankrupt in executing its contract. They had constructive notice that a bond was required of the contractor, of its terms and of the rights of the surety in relation thereto. Those rights remained unaffected on adjudication of bankruptcy unless superseded or annulled by the Bankruptcy Act (Comp. St. §§ 9585–9656). The Trustee in that respect stands in the shoes of the bankrupt. Warehousing Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789; Railway Co. v. Hurley, 153 Fed. 503, 82 C. C. A. 453; Id., 213 U. S. 126, 29 Sup. Ct. 466, 53 L. Ed. 729. If there be, as claimed, an equitable right to subrogation and it antedated adjudication more than four months, there is no provision of the Bankruptcy Act that avoids it. It is argued that the appropriation was a mere gratuity, and having been given without legal obligation to do so, no rights can be asserted in it. In the sense of its having been made without obligation, it may be said to have been a gratuity. The Act of March 1, 1921, was doubtless passed because of a realization of a moral obligation to make fur-

ther payment to the contractor. The recitation of the Act discloses as much. It reads:

"To pay the Leavenworth Bridge Company, of the City of Leavenworth, Kansas, the sum of $30,843.45, in settlement for extra expense in the building of the bridge across the Republican River at Fort Riley, Kansas, such extra expense being the increased cost of labor due to direct Government competition in the local labor market and overhead costs during the period subsequent to the original completion date, which extra was required because such labor as was available was incompetent."

We take this to mean that the amount appropriated was not a mere gratuity, but as further compensation for the construction of the bridge, and in this sense should be regarded as an increase to the consideration named in the contract. Under the views expressed as to the facts and relation of the parties we think Henningsen v. U. S. Fidelity & Guaranty Co., 208 U. S. 404, 28 Sup. Ct. 389, 52 L. Ed. 547; s. c. 143 Fed. 810, 74 C. C. A. 484, and Prairie State Bank v. U. S., 164 U. S. 227, 17 Sup. Ct. 142, 41 L. Ed. 412, are determinative in favor of the claimant, and that there was error in the refusal to allow its claim with preferential payment out of the appropriation to the extent of $11,275.81.

Reversed with directions to make the allowance as above stated.