## In re CHRIST'S CHURCH OF THE GOLDEN RULE.

### EBBERT et al. v. SAMPSELL et al.

### No. 12133.

United States Court of Appeals Ninth Circuit.

Feb. 3, 1949.

524

Howard B. Crittenden, Jr., of San Francisco, Cal., for appellant.

Martin Gendel, Frank C. Weller and Thomas S. Tobin, all of Los Angeles, Cal., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellees, trustees in bankruptcy, began proceedings before the referee in bankruptcy to determine title to certain property claimed by appellants. Appellants appeared specially to object to the jurisdiction of the court to determine this question in summary proceedings. Appellants' objection was sustained by the referee, but was overruled on review by the district court, and appellants were permitted to plead to the merits. From that order of the district court this appeal is taken. Appellees now move to dismiss the appeal on the ground that the order is non-appealable. No hearing has been had on the merits of the case.

■ Section 24, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 47, sub. a, provides that appellate courts have appellate jurisdiction "in proceedings in bankruptcy, either interlocutory or final, and in controversies arising in proceedings in bankruptcy, * * *." Hence, an appeal may be entertained in a "proceeding" in bankruptcy whether or not the order appealed from is final, but, as is well settled, an appeal may be taken from an order in a "controversy arising in proceedings in bankruptcy" only where the order is final. The reason for this distinction is to be found in the earlier bankruptcy statute of 1898, as amended prior to 1938, in which appellate jurisdiction differed in "controversies" and "proceedings". In the former an appeal could be taken in the same manner as in other cases, which meant that the order appealed from had to be final. In the latter a petition to revise was proper, and it made no difference whether the order of the lower court was final or not. Judicial construction has carried this distinction over into the present statute, in spite of a change in the wording.

■ A controversy arising in proceedings in bankruptcy has generally been held to embrace disputes between the trustee and adverse claimants concerning the right and title to the bankrupt estate. Proceedings in bankruptcy, on the other hand, refer to matters affecting merely the administration and distribution of the estate.

■ This case involves an interlocutory order; therefore, it is an appealable order only in the event it was issued in a "proceeding in bankruptcy" and not in a "controversy arising in a proceeding in bankruptcy". This question is posed: Is a finding by the district court of the existence of summary jurisdiction in a case, the merits of which have not been heard, a determination in "proceedings in bankruptcy" or a "controversy arising in proceedings in bankruptcy"?

Two recent decisions of this court, Petersen v. Sampsell, 9 Cir., 170 F.2d 555; Goldie v. Carr, 9 Cir., 116 F.2d 335, are cited by appellees. In each case this court granted a motion to dismiss. In the first the appeal was taken from an order of the district court which recommitted, for fur-

ther hearings before the referee, a dispute between a trustee in bankruptcy and an adverse claimant. This court held the order not appealable because not an order in a proceeding in bankruptcy, either interlocutory or final. In the second case the district court affirmed a finding of the referee that there was summary jurisdiction in a dispute between a trustee in bankruptcy and an adverse claimant. This court held the order to be an interlocutory order in a controversy in bankruptcy and not appealable.

Appellants seek to distinguish the above cases on the ground that in each some hearing on the merits had been had, contending that as soon as an adverse party submits his case on its merits his status as an adverse party becomes apparent and the litigation assumes the character of a "controversy"; however, argue appellants, when the sole question before the court is one of jurisdiction the stage of "controversy" has not been reached, because it cannot then be said that the party is an adverse claimant, a necessary element in the case of a "controversy"; that the question of jurisdiction is procedural and one of law, and is therefore appealable as one arising in "proceedings in bankruptcy" without the necessity of involving a final order.

We think the attempted distinction is without merit. A plea to summary jurisdiction, as we have here, is based on the ground that the pleader is an adverse claimant to property and that he was in possession of that property. Thus, by merely raising the question of jurisdiction the pleader establishes himself as an adverse claimant, which is tantamount to establishing the litigation as a "controversy".

The following cases hold contrary to appellants' contention: Pearson v. Higgins,[1] 9 Cir., 34 F.2d 27; Kelso v. Maclaren, 8 Cir., 122 F.2d 867; and In re Federal Photo Engraving Corp., 2 Cir., 54 F.2d 628. In these cases the merits had not been heard; the sole question before the courts was one of jurisdiction and in each the order of the district court on the question of jurisdiction was held a non-appealable order.

Disposition of this motion is complicated by a line of cases, some of which are cited by appellants, which purportedly holds that the question of whether the district court erroneously exercised summary jurisdiction in a bankruptcy case to determine the merits of an adverse claim to property is a question in "proceedings in bankruptcy," from which it follows that the question is reviewable though the order is interlocutory. Gibbons v. Goldsmith, 9 Cir., 222 F. 826; Eppley v. Baylor, 8 Cir., 293 F. 305; Weidhorn v. Levy, 253 U.S. 268, 40 S.Ct. 534, 64 L.Ed. 898; Board of Road Com'rs v. Keil, 6 Cir., 259 F. 76, are examples. These cases cannot be reconciled with those cited supra in support of appellees' contention, but, that they are not controlling is apparent in light of the development of the law in this field. This line of cases does not extend beyond the time of the 1926 amendment to the Bankruptcy Act, which established the appeal as the only method by which orders of the bankruptcy court could be brought before the Court of Appeals. Prior to that time only orders in "controversies" could be heard by the circuit court on appeal, which, under the Judicial Code, meant a hearing on law and facts and on a final order, while orders in "proceedings in bankruptcy," whether interlocutory or final, could be heard by the Circuit Court of Appeals on a petition to revise, which related only to revision of matters of law. Under this statutory provision circuit courts held that the question of summary jurisdiction in bankruptcy matters could be brought before them on petitions to revise. While this necessitated the conclusion that such a question was a "proceeding in bankruptcy" rather than a "controversy", an examination of the decisions makes it clear that the primary consideration of the courts was that the question of jurisdiction was a question of law and not of fact. Therefore, the petition to revise rather than the appeal was the appropriate device for bringing the matter before the circuit court. We think the cases which

---

[1] Referring to the initial decision in that case, the effect of which was not changed by the Court's remarks after the petition for rehearing had been received.

seem to support appellants' position involved simply that question; namely, whether an appeal or a petition to revise was the proper means of taking the dispute to the appellate court. Not one of them turns on the distinction between "proceedings in bankruptcy" and "controversies arising in bankruptcy proceedings" because of the interlocutory or final character of the jurisdictional order; in each case the order was final either because jurisdiction had been denied or because the merits of the case had been decided. Thus, the question was *how* rather than *whether* the matter could be brought before the circuit court.

A year before the 1926 amendment the Supreme Court of the United States, in two cases, Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897, and Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889, made a clear statement to the effect that an objection to summary jurisdiction in bankruptcy is "a controversy arising in a bankruptcy proceeding",—as distinguished from an administrative "proceeding" in bankruptcy—but *that since such an objection raised only a question of law, it was reviewable by a petition to revise as well as an appeal.* Thus, prior to 1926 it was established that the question of summary jurisdiction in bankruptcy is a "controversy". With the enactment of the 1926 amendment, which obviated the necessity of treating the petition to revise as the only procedural technique available to questions of law in bankruptcy, such validity as the contention, that an order in such a controversy need not be final, may have had, was removed.

A statement of the development of the phase of the bankruptcy law under discussion in this case is contained in the footnote to § 24.30, page 769 of Collier on Bankruptcy: "Prior to Harrison v. Chamberlin, supra, it apparently had been thought by some courts that summary actions against adverse claimants were 'proceedings' for the purposes of appeal." Gibbons v. Goldsmith, supra, is cited. The textual matter so footnoted supports the position of the appellees.

Motion granted.