THE STATE, CHARLES M. THEBERATH, PROSECUTOR, v. THE MAYOR, &c., OF THE CITY OF NEWARK, AND THE CONSOLIDATED TRACTION COMPANY.

1. Under the Traction Companies act of March 14th, 1893 (*Pamph. L.*, p. 302), municipal consent to the route of the railway is not a necessary preliminary to an application to the municipal authorities for the location of the tracks.

2. Under that act, the municipal authorities, in granting consent to the
   location of the tracks; cannot leave it to the discretion of the company
   to determine whether one or two tracks shall be laid, or what part of
   the street they shall occupy, or where sidings, cross-overs and switches
   shall be built.  The municipal board must itself determine these ques-
   tions in giving its consent.

On *certiorari.*

Argued at June Term, 1894, before Justices DIXON and
REED.

For the prosecutor, *J. Frank Fort.*

For the city of Newark, *Chandler W. Riker.*

For the Consolidated Traction Company, *Edward Q.
Keasbey* and *Joseph Coult.*

The opinion of the court was delivered by

DIXON, J.   This *certiorari* brings up for review an ordi-
nance of the board of street and water commissioners of the
city of Newark, passed July 13th, 1893, for the purpose of
authorizing the Consolidated Traction Company to locate, con-
struct and operate railways in certain streets of the city.   The
ordinance appears to have been adopted under the seventh
section of an act approved March 14th, 1893 (*Pamph. L., p.*
302), and it is admitted that its validity depends upon con-
formity with that enactment.

The prosecutor bases some objections to the ordinance upon
the alleged unconstitutionality of the statute above mentioned,
and also of the statute under which the municipal board is
organized.   But these objections we pass by, to consider those
of narrower range which involve only the meaning of the
statute on which the ordinance must rest.

A careful examination of this act, particularly of sections
6, 7, 8 and 9, reveals quite clearly, I think, the procedure by
which a traction company may obtain a right to construct rail-
ways through public streets.

First, under section 6, the company is to file in the office of the secretary of state a description and map of the route of its proposed line, and thereupon it acquires an exclusive right to that route, provided the municipal board having control of streets has consented to the location of the route. Next, under section 7, the directors of the company are to apply to the proper municipal board for a location of the tracks of the railway conformably to the route described, which board may refuse the location proposed or may grant it wholly or partially; then, if the directors file with the secretary of state and the municipal clerk an acceptance of the location granted, that becomes the true location of the tracks of the railway, and the right to lay them is complete. Sections 8 and 9 consist of similar provisions for an amended route and the location of tracks upon it.

This summary makes it evident that the description of the route and the location of the tracks are different things. The former means only the course of the railroad, the streets through which it will pass, while the latter denotes the position of the rails in the highway. No doubt in previous statutes these expressions or similar ones were employed with some confusion, interchangeably, but in this statute the draftsman has used them with discrimination to signify, I think, the distinct ideas above indicated. Surely we should not invoke the uncertainties of the earlier laws to obscure the clearness of this independent enactment.

With the general purport of the statute thus presented, we come to consider the objections of the prosecutor.

First, he contends that as the municipal authorities have not given their consent to the route, according to the proviso of section 6, an application for consent to the location of tracks is premature and therefore illegal.

In my judgment a formal consent to the route is not an essential preliminary to a petition for the location of tracks. The language of the law makes such a consent necessary in order to secure to the company an exclusive right to its proposed route, and for a manifest reason that competition may

not be cut off without municipal sanction ; but beyond this I perceive no design in the proviso. Although the company may not have acquired an exclusive right to its route, it yet may apply for the location of tracks thereupon, and in the withholding or granting of consent thereto the municipal board may protect every public or private interest, as fully as if prior consent to the route were requisite. Whether consent to the location of the tracks, implying as it must a consent to the route as far as the tracks extend, will secure to the company an exclusive right to that route, need not be now adjudicated. It is enough for present purposes to decide that the steps prescribed in sections 7 and 9 may lawfully be taken without obtaining the consent referred to in sections 6 and 8.

The next objection of the prosecutor is that the ordinance under review does not, within the intent of the act, grant any location of the tracks. This objection is well founded.

The ordinance attempts to authorize the company to lay tracks, either single or double, as the company shall·from time to time determine, upon the designated routes, and all necessary sidings, cross-overs and switches that may be required for the proper, safe and economical use and operation of the routes.

Certainly this is not a consent to the location of the tracks, for the location of the tracks was not yet ascertained ; it is a mere consent to the building of a railroad. The design of the statute is that the municipal board shall determine whether there shall be one track or more in a street, in what part of the street the rails shall be laid, where sidings, cross-overs and switches shall be built, and all other such questions involved in the location of tracks, the proper determination of which so closely affects the public convenience. For the municipal board to leave these matters to the discretion of the company or of its own officers, is an unwarranted delegation of authority.

The ordinance must therefore be adjudged invalid.