Moffatt had a profitable insurance brokerage business, and to expand it enlisted the services and co-operation of Parsons and Niemitz. He formed a corporation (T.C. Moffatt Co.) and transferred the business for all the capital stock — fifteen shares of preferred and fifteen common. He gave to each of his associates five shares of the preferred stock and three of the common; one share of common to his wife and *Page 113 
another to his lawyer. The five stockholders constituted the board of directors from the formation of the company in 1918 to the annual election in January, 1927. Moffatt was president, Parsons secretary and Niemitz treasurer, and the three carried on the business. Each had a fixed salary, and in addition Moffatt drew $10,000, compensation for his business. After paying the yearly dividend on the preferred stock the net balance of earnings was divided equally among the three. At the formation of the company the three entered into a written agreement that upon the death of one, the survivors had the option to purchase his holdings at a stated figure, and in case Parsons or Niemitz "ceased to be officers and directors of said corporation" then the remaining two officers and directors should have the right to purchase his stock at its par value, $100 per share. Moffatt and Parsons became dissatisfied with Niemitz's services; his insurance salesmanship was poor. They had urged him to greater activity and better results without success, and, though there was compensation to the company for his lack — he was an expert in construction of automatic sprinkler systems, and advised clients — they proceeded to vote him out of the board of directors and the treasuryship. The by-laws provide for a board of five directors, and (in the language of the Corporation act,Comp. Stat. p. 1606) that they shall hold office for one year and until others are chosen and qualified in their stead. At the annual meeting of the stockholders in January, 1927, it was moved and carried that they proceed to the election of four
directors. Moffatt, Parsons, Mrs. Moffatt and the attorney were nominated by one of the four; Niemitz nominated himself, and the four were elected by fourteen votes; Niemitz received his own three votes, eleven being cast against him. The board of directors then met (Mrs. Moffatt was not present, nor had she notice of the meeting) and elected Moffatt president and Parsons secretary and treasurer. Niemitz was counted out, and this bill was filed to compel him to surrender his stock in compliance with his agreement.
The defendant has no reason to appeal to the court to withhold relief because, now that the company is prosperous, the contract is unfair and it would be unjust to enforce it. He *Page 114 
was let into the Moffatt concern, gratuitously, for the services he could give, and when they proved unsatisfactory he was let out; and for his services he shared the profits. That was the bargain; Niemitz understood it. It was Moffatt's business; he laid down the terms and kept control to enforce them. It may be hard luck to be hired and fired in this fashion, but it is not unjust, and a court of equity will not refuse its aid because performance will be harsh when the contract intended it to be harsh.
The bill is premature. Niemitz is still a director and the treasurer de jure. The stockholders should have elected five directors, as the by-laws require. They moved to elect but four. Niemitz's nomination and three votes for himself were made and cast under that motion. The four directors succeeded themselves in office; each to his own, necessarily. The fifth directorship, occupied by Niemitz, was not filled, and he held over under the statute and the by-laws. And he likewise held over as treasurer. The director's meeting, at which Parsons was elected to succeed him, was not lawful. It was a special meeting requiring one day's notice; so the by-laws provide. Mrs. Moffatt was absent; she had no notice. The directors could act only as a body, lawfully assembled. Mrs. Moffatt later, in writing, approved the proceedings, but that was her individual act and is abortive.Johnston v. Jones, 23 N.J. Eq. 216; Schumm v. Seymour,24 N.J. Eq. 143; Traction Co. v. Camden, 53 N.J. Eq. 163;Whittingham v. Hopkins, 70 N.J. Law 322; Trenton MercerCounty Traction Co. v. Ewing Township, 90 N.J. Eq. 560.
The bill will be dismissed. *Page 115