**In re JOSEPH FELD & CO.**
**No. 1564a.**

District Court, D. New Jersey.
April 17, 1941.

Weinberger & Weinberger (Joseph Weinberger), of Passaic, N. J., for petitioners.

William W. Evans, of Paterson, N. J., for bankrupt.

Eugene F. Frey, of Newark, N. J., for creditors.

SMITH, District Judge.

This matter is before the Court on the return of an order to show cause directing the bankrupt and others to show cause why the voluntary petition in bankruptcy should not be dismissed and the adjudication entered thereon vacated and set aside.

A voluntary petition in bankruptcy was filed on behalf of Joseph Feld & Company, a corporation organized under the laws of New Jersey, on February 14, 1941. The said petition was executed and filed by Morris E. Feld, the president of the said corporation, under authority of a resolution, a true copy of which is annexed to the said petition, adopted at a meeting of the board of directors held on February 3, 1941. The board of directors was composed of three members, two of whom, Morris E. Feld and Charles H. Feld, at-

tended the meeting and participated in the proceedings; the third member, Samuel Feld, neither attended the meeting nor was notified of it.

The jurisdiction of the Court is questioned by the director, Samuel Feld, who contends that the meeting of the board of directors hereinabove referred to was irregular and the resolution invalid. The jurisdiction of the Court is likewise questioned by two stockholders, who urge, in substance, that a voluntary petition in bankruptcy may not be filed on behalf of the corporation in the absence of express authorization by the stockholders.

The right of a board of directors to authorize the filing of a voluntary petition in bankruptcy, where the corporation is insolvent, is dependent upon the laws of the State in which the corporation was organized. It appears to be well established that in the absence of any restrictions, either under the charter or statute, a board of directors, without the consent of the stockholders, may authorize the filing of a voluntary petition in bankruptcy. In re Kenwood Ice Co., D.C., 189 F. 525; Dodge v. Kenwood Ice Co. et al., 8 Cir., 204 F. 577; In re Jefferson Casket Co., D.C., 182 F. 689; In re De Camp Glass Casket Co., 6 Cir., 272 F. 558; In re E. T. Russell Co., D. C., 291 F. 809; Chicago Bank of Commerce et al. v. Carter, 8 Cir., 61 F.2d 986. There are no restrictions on this right of directors in the General Corporation Act, unless such restrictions may be inferred from the statutory provisions, N.J.S.A. 14:13–1, relating to voluntary dissolution. The courts, in passing upon similar statutes of other States, have held that a voluntary bankruptcy is not equivalent to a statutory dissolution, and that the right of directors to authorize bankruptcy is not inconsistent with the right of the stockholders to authorize dissolution. In re United Grocery Co., D.C., 239 F. 1016; In re De Camp Glass Casket Co., supra.

The argument of the complaining director is predicated upon the alleged irregularity of the meeting of directors and the consequent invalidity of the resolution authorizing the institution of the bankruptcy proceedings. On these grounds his contention is soundly based. Under the General Corporation Act, N.J.S.A. 14:7–1, the business management of a corporation is committed to the directors, who may act only as a body lawfully assembled. The power to manage the affairs of the corporation is vested in a board of directors; it is not conferred upon the members as individuals, and cannot be so exercised. Moffatt et al. v. Niemitz, 102 N.J.Eq. 112, 139 A. 798; Audenried v. East Coast Milling Co. et al., 68 N.J.Eq. 450, 59 A. 577; Knopf v. Alma Park, Inc., 105 N.J.Eq. 299, 147 A. 590, affirmed 107 N.J.Eq. 140, 152 A. 919. A lawful meeting requires due notice to all of the directors of the time, place and object of the meeting, unless, of course, there is a waiver of such notice. Holcombe v. Trenton White City Co., 80 N.J.Eq. 122, 82 A. 618; Whitehead v. Hamilton Rubber Co., 52 N.J.Eq. 78, 27 A. 897. The requirements of a lawful meeting were lacking in the instant case.

An insolvent corporation, if the proper corporate officers so elect, may voluntarily avail itself of the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. The Court, however, should not assume jurisdiction of a "voluntary proceeding", which, as in this case, is based on an invalid resolution which had its origin in an illegal meeting of directors.

It is further contended that the filing of the voluntary petition in bankruptcy constituted a fraud upon the Court. The evidence offered will not justify such a finding. There is testimony from which it may reasonably be inferred that while the corporation was a going concern, and prior to the bankruptcy, there was a diversion of funds by one or more of the corporate officers. The diversion of funds under such circumstances may have been a fraud upon the corporation and may be the subject of proper inquiry in the bankruptcy proceedings; but would not constitute a fraud upon the Court.

The petition in bankruptcy is dismissed and the adjudication entered thereon vacated and set aside without prejudice to the right of the bankrupt to avail itself of the Bankruptcy Act in a proper proceeding.