## DE SEVERSKY v. REPUBLIC AVIATION CORPORATION.
### No. 1466.
District Court, E. D. New York.
Dec. 22, 1941.

184

See, also, 2 F.R.D. 113.

Kaufman & Croman, of New York City (Samuel H. Kaufman, of New York City, of counsel), for plaintiff.

Bleakley, Platt & Walker, of New York City (Frank A. Fritz and George Q. Slocum, both of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion by the plaintiff pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requiring Republic Aviation Corporation, the defendant, by Paul Moore, to make answers to the following questions:

"Q11. Did the time come when you loaned money to the predecessor of the defendant company?

"Q12. Were you at any time active in the management of the predecessor of the defendant company?

"Q14. Prior to 1939, were you a substantial creditor of the company?

"Q16. I show you this paper, which I state to be a copy of the contract which has already been marked in evidence on the examination of Mr. Seversky, and ask you whether that paper refreshes your recollection as to whether or no there was a contract of employment and whether that is a copy of it?

"Q17. Do you know that that contract dated March 30, 1935 was amended by an agreement dated July 11, 1936, of which this paper I hand you is a copy?

"Q19. Prior to that date, did you have any conversations with Mr. Seversky about the renewal of that contract?

"Q27. I am going to ask you this question: Do you say now that you knew that the company did not exercise its right to extend the contract of employment of Mr. Seversky?

"Q28. Was there any discussion between yourself and Mr. Seversky about the renewal of that contract?

"Q29. Mr. Moore, did you have any conversation with any other officers or directors of the defendant company relating to the renewal of this contract?

"Q30. What was the financial condition of the defendant company in or about July, 1938 and for some months prior to that time?

"Q31. Was there any discussion between yourself and Mr. Seversky relating to the contract of employment, that had to do with the financial condition of the company?

"Q32. At the time this contract expired in April, 1938, and for some months prior to that, was the company making efforts to refinance itself?

"Q33. Under the terms of the contract, the compensation which Mr. Seversky was to receive was $3,000 a month, was it not?

"Q42. Was there any conversation with you, that you had with Mr. Seversky, relating to the terms under which he would render his services to the company after the expiration of these contracts, exhibits 1 and 2 for identification?"

A statement is made in the defendant's memorandum in opposition to the plaintiff's motion that questions 16, 17 and 27

were fully answered by Moore upon examination. There is no denial of this in plaintiff's memorandum.

This is an action to recover the sum of $2,500,000 for services performed by the plaintiff for the defendant.

Moore is a director of the defendant and was being examined pursuant to Rule 26 of the Federal Rules of Civil Procedure. Objection is made to his testifying to the questions numbered 11, 12, 14, 19, 28, 29, 30, 31, 32, 33 and 42 on the ground of irrelevancy, it being the defendant's claim that conversations between the plaintiff and Moore (an individual director) are irrelevant to the subject matter of the action and are without the scope of the examination. The basis for this objection is that a single director cannot bind a corporation by his individual act unless he has been expressly so authorized by the board of directors or unless his act has been later ratified.

This objection upon the trial would, undoubtedly, be valid as a director cannot bind a corporation by his individual act unless he has been authorized so to act by the board of directors, or, in the absence of such authorization, unless his act has been specifically ratified by the corporation either by act or conduct of the corporation. See In re Joseph Feld & Co., D.C., 38 F.Supp. 506.

While testimony may be inadmissible upon the trial of an action the same testimony might be quite proper upon an examination under Rule 26 (b) of the Federal Rules of Civil Procedure. If it should appear on examination under Rule 26 (b) that the testimony is clearly irrelevant then, of course, such examination should not be permitted. As was stated by this court in Mackerer v. New York Central R. Co., D.C., 1 F.R.D. 408, 409, quoting Holtzoff, which applies here, "The examining party is not restricted to securing testimony that would be admissible in evidence at the trial. He may go further and obtain information that may be useful in securing such evidence. See Holtzoff, New Federal Procedure and the Courts, 75".

If, as claimed by the plaintiff, the witness Moore, although neither an officer or employee of the defendant, was and is the dominant figure in the management of defendant's business and is the largest stockholder and largest creditor, the questions are quite proper "to establish the extraordinary degree of domination and control that the witness Moore had over the affairs of defendant, so that any conversation between plaintiff and the witness Moore could be understood in the light of the witness' preeminence in the affairs of the company". Page 2, affidavit of Mr. Samuel H. Kaufman, verified November 29th, 1941. The testimony is also admissible under Rule 26 (b) to show Moore's authority and ratification of his acts by the board of directors.

Further objection is made to the examination of the witness Moore on the ground that evidence is sought in connection with a pending stockholders' suit in the state court brought by the plaintiff against the witness Moore and other directors. If that were the sole purpose the examination should not be permitted under Rule 26 (b). However, that has not been shown. It is not a ground for refusing an examination that the testimony sought might be used in some other action or proceeding.

The court cannot at this time as a matter of law and in advance of the trial rule that the testimony sought is wholly irrelevant or immaterial. It has been sufficiently established that the information sought may be useful in securing evidence. That is sufficient under Rule 26 (b). To hold otherwise would place a narrow and strained construction on Rule 26 (b).

Motion granted. Settle order on notice.