### JAY V. ZIMMERMAN CO. v. NATIONAL MASK & PUPPET CORP. et al.
### Civ. A. No. 12638.

United States District Court
E. D. New York.
Oct. 16, 1952.

---

Weil, Gotshal & Manges, New York City, for plaintiff, by Ira M. Millstein, New York City, of counsel.

S. Stephen Baker, New York City, for defendants.

BYERS, District Judge.

This is a defendants' motion for a protective order under Rule 30(b), Fed.Rules Civ. Proc. 28 U.S.C.A., respecting the taking and the subject-matter of depositions of the defendants specified in the notice dated October 8, 1952.

The action is for unfair competition and the third alleged cause as pleaded, asserts that the defendants filed on March 2, 1952 an application for a patent on substantially the same subject-matter of an application by the plaintiff already on file in the Patent Office, and that the oath accompanying the defendants' application to the effect that the inventor therein named was the original, first and sole inventor of the invention described, etc., was known by the applicant to be false; and that the purpose of the said filing was to delay or otherwise interfere with the prosecution of the plaintiff's application, and for the purpose of provoking an interference proceeding in the Patent Office.

If that was the purpose of the defendants, it was successful in that interference proceedings were so brought about at an undisclosed date, bearing number 85985.

The legal sufficiency of the third cause as pleaded was passed on by Judge Kennedy in denying the defendants' motion to dismiss in a memorandum bearing date July 2, 1952, embodied in an order dated July 30, 1952.

The defendants argue that the plaintiff should not be permitted to take any testimony in this cause concerning matters which are necessarily the subjects of in-

174

quiry in the said interference proceeding, and that otherwise the notice is open to objection as to the number of witnesses to be examined and the schedule proposed by the plaintiff for that purpose.

■ The purpose of an interference proceeding is to determine the question of priority of invention and in that connection each party is required "to file a concise, preliminary statement" showing the details set forth in the Rules of Practice of the Patent Office appearing in the appendix to Title 35 U.S.C.A., namely, § 1.201, § 1.215–216. Among other things involved are the date of the first drawing and that of the first written description of the invention, and also of disclosure; also, the acts tending to establish conception of the invention and the date of the actual reduction to practice.

The matters concerning which the plaintiff must demonstrate his cause as pleaded in the fifth paragraph of this complaint are: That the defendants had knowledge of the nature and construction of the subject-matter of the plaintiff's patent and that the patented device had been offered for sale, and being equipped with that knowledge they caused the defendants' application for the same subject-matter to be filed.

■ It thus appears that while the precise issues in this cause and those involved in the interference proceeding are not identical, it may be that supporting evidence in one may tend to impinge upon the other at one or more points. It does not seem, however, that this is a sufficient reason for depriving the plaintiff of the opportunity to prove its cause, if it can, by eliciting information from the defendants through the instrumentality of discovery, even at the risk of bringing to light information from the defendants which would bear upon the issues involved in the interference proceeding.

The defendants' brief contains the following:

"There is no reason why the plaintiff should go into the matters at this particular time except to gain an unfair advantage and to subvert the Rules of the Patent Office relating to interference. The Patent Office is very meticulous and specific in setting times for taking testimony so that neither side may gain an undue or unfair advantage. In general, the United States Patent Office recognizes the Federal Rules of Civil Procedure but they (sic) will not permit the discovery rules to supplant its own rules for taking testimony."

There are no facts alleged in the moving affidavit to support an inference that the plaintiff is seeking to subvert the Rules of the Patent Office in any respect, nor is a particular rule cited in connection with the assertion. Defendants' citations are not in point.

■ In view of the doctor's certificate filed with the defendants' brief, it is apparent that the defendant, Lucille Samuels, should be excused from the taking of her deposition at the present time, and the order to be entered on this decision shall so provide, reserving to the plaintiff, however, the right to examine her at a convenient time in the future if that should seem to be necessary.

■ The notice should further be limited to provide that the witnesses Aaron and Carl Samuels and Leonard Wolf shall not all be examined on the same day; the fact that plaintiff's co-counsel is a non-resident of this city is not a good reason for disrupting the defendants' business.

■ The requirement that the defendants are to produce books, documents and records and the corporate by-laws of the corporate defendant should be clarified and made specific, perhaps in light of developments attending the taking of the depositions of Aaron and Carl Samuels and Leonard Wolf.

The defendants' motion is denied as to the matters to be inquired into in the taking of the said depositions; it is granted to the extent of inserting a provision for the taking of the testimony of Aaron and Carl Samuels and Leonard Wolf at convenient intervals as may be agreed upon between the attorneys for the respective parties,

and it is granted to the extent of deferring, for the present, the taking of the deposition of the defendant Lucille Samuels. It is to be modified, as indicated, touching books, documents and records.

Settle order.