### In the Matter of AMERICAN ANTHRACITE & BITUMINOUS COAL CORPORATION, Debtor.

United States District Court
S. D. New York.
Nov. 12, 1958.

Chauncey H. Levy and Sydney Basil Levy, New York City, for debtor.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, for Taiwan Navigation Co., Ltd., John J. Leibell, Robert G. Maass, New York City, of counsel.

BICKS, District Judge.

These petitions to review determinations by a Referee in Bankruptcy present interesting and important issues, seemingly of first impression, the resolution of which may have a serious impact upon the administration of estates under the Bankruptcy Act and which will affect the rights of creditors to make the discovery procedures available under the Federal Rules of Civil Procedure prior to the interposition of any objections to their claims.

American Anthracite & Bituminous Coal Corporation (hereinafter referred to as Anbitcoal) filed a petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. It was continued in possession and authorized to continue the business subject to further order of the court. In due course, Taiwan Navigation Co. Ltd. filed a proof of claim in the amount of $571,292, which sum includes an item of $106,512 for damages allegedly flowing from fraud and deceit practiced by Anbitcoal. Some two and one-half months after filing the proof of claim, Taiwan served notice pursuant to § 21, sub. k of the Bankruptcy Act and Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A., that it would, at a fixed time and place, take the deposition of Anbitcoal. Timely application was made to the Referee to vacate said notice. This motion, as well as a subsequent one for reargument, or in the alternative for relief under Rule 30(b), Fed.R.Civ.P., that the taking of the deposition be allowed only in the event that an objection to the claim were interposed, was denied. It is the orders of the Referee denying the foregoing motions which are here for review.

Anbitcoal argues that in the present posture of the proceedings the taking of its deposition is (i) unauthorized and (ii) may well prove to be a wholly unnecessary burden upon it, a drain upon the estate and prejudicial to the rights of all persons interested therein. In support of its first contention it urges that Rule 26, Fed.R.Civ.P., may be invoked only in a pending action and that the filing of a proof of claim in a Chapter XI proceeding is not tantamount to the commencement of an action. Logically

extended this view would excise § 21, sub. k [1] from the Bankruptcy Act.

A civil suit is commenced by the filing of a complaint. See Rule 3, Fed.R.Civ.P. While a proof of claim may not technically be equated with a complaint it is, in effect, not less than that. See 3 Collier, Par. 57.18 (14th ed. 1956). An objection to a claim has been held to be a defensive pleading, the interposition of which precludes a creditor from withdrawing his claim as of right under Rule 41(a) (1), as may be done before service of an answer or a motion for summary judgment by the adverse party. As in a civil suit withdrawal of the action after answer requires application to the Court which may allow it upon such conditions as it deems proper. See Kleid v. Ruthbell Coal Co., 2 Cir., 1942, 131 F.2d 372. The analogy between a proof of claim and a complaint finds further support in the application of Rule 7(a), Fed.R.Civ.P., to the former: the creditor need not reply to objections, and indeed is not permitted to do so, unless a counterclaim denominated as such is set forth, or the Court orders the creditor to make such reply to the objections, 3 Collier on Bankruptcy, Par. 57.18 (14th ed. 1956). Application of Rule 7(a) would be contraindicated unless a proof of claim had the force of a complaint.

■ To the extent that Anbitcoal's argument is predicated on the fact that currently the claim stands unobjected to and, therefore, in effect, issue has not yet been joined, it misconstrues the essential nature of amended Rule 26 which was framed for the express purpose of allowing discovery before a responsive pleading had been filed. See Notes of Advisory Committee to 1946 Amendment reprinted in 4 Moore F.P. Par. 26.01[4] (2nd ed. 1950). An interval of twenty days must elapse between service of the initial pleading and the notice to take depositions. Rule 26, Fed.R.Civ.P. Taiwan has met this condition.

■ The Bankruptcy Act, § 21, sub. k reads in part, "In all proceedings under this title, the parties in interest shall be entitled to all rights and remedies granted by the Rules of Civil Procedure * * * pertaining to discovery * * *." The filing of a proof of claim effectually commences a proceeding within the bankruptcy proceeding to establish its provability, priority, amount, etc. Necessarily involved in the bankruptcy proceeding are not only determination of rights of the trustee vis-a-vis debtors of the estate, alleged transferees of the bankrupt's property without consideration and the multitudinous other problems which arise in the administration of an insolvent estate or the estate of a debtor in reorganization, but also the rights of alleged creditors. The latter are required to file proof of their respective claims in order to be eligible to participate in the reorganization and receive their aliquot share of any amount ultimately determined to be distributable among creditors. The proof of claim, like a complaint, is a self serving declaration and is intended to give notice of the matters set forth therein for such action —objection or otherwise—by the estate representative as he is advised. But the rights of the creditor to proceed with reasonable diligence in corralling the evidence necessary to establish his claim and adequately prepare to meet objections, if any ultimately be asserted, should not depend upon the time-table evolved by the estate representative. A contrary holding would unduly extend the power of the estate representative and might well disadvantage the credi-

---

1. "In all proceedings under this Act, the parties in interest shall be entitled to all rights and remedies granted by the Rules of Civil Procedure for the United States District Courts established from time to time by the Supreme Court pertaining to discovery, interrogatories, inspection and production of documents, and to the admission of execution and genuineness of instruments: Provided, however, That the limitations of time therein prescribed may be shortened by the court to expedite hearings."

tor in his efforts to prove his claim. The creditor's hands should not be tied while the witnesses are still available, nor his right to take depositions, etc. postponed to the time when their memories are faded. Section 21, sub. k clearly was intended to afford protection, in the bankruptcy proceeding itself, to all parties in interest, including creditors.

■ A proceeding in bankruptcy is to be distinguished from controversies arising in the course of bankruptcy proceedings involving questions which require adjudication in appropriate plenary suits. In re Breyer Printing Co., 7 Cir., 1914, 216 F. 878. Gibbons v. Goldsmith, 9 Cir., 1915, 222 F. 826. Section 21, sub. k would be surplusage if it were construed to apply only to plenary suits brought in the District Court which are perforce, governed by the federal rules.

■ Anbitcoal's second contention is that unless its position is sustained, it may be subjected to a plethora of similar applications with horrendous consequence. Such result need not follow. Rule 30(b), Fed.R.Civ.P., is sufficient to preclude the subversion of the purposes for which the discovery rules were promulgated. Anbitcoal has indeed sought to invoke that rule. Without indicating whether or when objection would be filed it requested that taking of the deposition be postponed until after objections had been filed. By this route Anbitcoal seeks to achieve, in effect, the result denied it by rejection of its first contention, albeit it did not make the showing required by the rule to entitle it to relief. Preparation for a possible contest involving Taiwan's claim of upwards of one half million dollars should not be impeded on the insubstantial grounds here presented.

· The Court has not overlooked the possibility that unrestricted access to the federal discovery rules might lead to abuse and lend itself to tactics designed to mulct estates or coerce debtors into making "pay-offs" to the miscreant. Referees in bankruptcy may be relied up-on to be alert and to grant relief under Rule 30(b) where appropriate.

■ The further contention that the depositions are intended primarily for use in another action has not been buttressed by more than the *ipse dixit* of the debtor; an insufficient predicate for denial of the use of the discovery processes. See Sagorsky v. Malyon, D.C.S.D.N.Y.1952, 12 F.R.D. 486. Moreover, it is no objection to the examination that the deposition may be used in some other action or proceeding, if it is relevant to the pending federal action. De Seversky v. Republic Aviation Corp., D.C.E.D.N.Y.1941, 2 F.R.D. 183.

The determination of the learned Referee is affirmed.

So ordered.