DEERING MILLIKEN RESEARCH CORPORATION, Plaintiff,
Warren A. Seem, Nicholas J. Stoddard, Frederick Tecce and Harold P. Berger, copartners trading as The Permatwist Company, Intervener,

v.

LEESONA CORPORATION, Defendant.
Civ. No. 18211.

United States District Court
E. D. New York.
March 21, 1961.

Brumbaugh, Free, Graves & Donohue, New York City, for plaintiff.

Herman Goldman, New York City, and Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for intervener.

Debevoise, Plimpton & McLean, New York City, for defendant.

BRUCHHAUSEN, Chief Judge.

The plaintiff moves for discovery, specifying the items in its notice of motion. The intervener objects upon the ground that the motion is improperly brought to obtain evidence for use in an interference proceeding pending in the United States Patent Office, and also that the evidence sought is privileged.

The plaintiff entered into an agreement with the defendant on November 23, 1954, whereby the defendant was licensed to manufacture and sell textile machinery involving the production of stretch yarns utilizing the plaintiff's "Agilon" process. The agreement obligated the defendant to assign to the plaintiff certain patent applications and patents developed by the defendant. The plaintiff demands assignment of the 511 patent which it claims is an improvement developed by the defendant and, therefore, assignable pursuant to the contract. The intervener claims that it has superior rights to this patent pursuant to a contract entered into between the intervener and defendant on December 14, 1954. It appears that the 511 patent was granted on June 5, 1957, upon an application filed by Warren A. Seem, Nicholas J. Stoddard, partners of the intervener, and Kirkland H. Gibson, Harry B. Miller and Richard G. Hilbert, employees of the defendant. Subsequently a petition pursuant to a Patent Office Rule was filed requesting the deletion of inventors Gibson, Miller and Hilbert.

The intervener's first objection to discovery is untenable. It is settled law that discovery processes are proper even though the depositions may be used in some collateral proceeding. Matter of American Anthracite & Bituminous Coal Corporation, D.C.S.D.N.Y.1958, 22 F.R.D. 504; De Seversky v. Republic Aviation Corporation, D.C.E.D.N.Y., 2 F.R.D. 183. The information desired is relevant to the issues at bar, viz.: the question of invention. There are apparent inconsistencies as to invention as stated above. The plaintiff would also be obliged to rely upon testimony of obviously interested parties.

The second objection, that of privilege, is also without merit. The authorities cited by the intervener are distinguishable. In those cases the court was confronted with trade secrets. No such trade secrets exist in the present case. The plaintiff seeks facts as to who invented the machine claimed in Patent No. 2,864,229. See Jay V. Zimmerman Co. v. National Mask & Puppet Corp. et al., D.C.E.D.N.Y., 13 F.R.D. 172.

The purpose of the interference proceeding is to determine the question of priority of invention, therefore, the motion is granted and all dates showing on the items to be inspected, copied or photographed shall be blacked out.

Settle order on notice.