**In the Matter of Joseph JACHMAN, f/d/b/a Model Loan Co., Bankrupt.**

**No. 68 B 724.**

United States District Court,
S. D. New York.

Feb. 4, 1970.

Hahn, Hessen, Margolis & Ryan, New York City, for reviewing petitioner, The Hertz Corp.; Marks F. Paskes, New York City, of counsel.

Siegel, Sommers & Schwartz, New York City, for bankrupt; Leonard Schwartz, Brooklyn, N. Y., of counsel.

## MEMORANDUM

BONSAL, District Judge.

The Hertz Corporation, a creditor of the bankrupt, seeks review of an order of Referee Herzog dated November 25, 1969, which vacated a notice to take the deposition of the bankrupt's accountant as a witness.

Joseph Jachman was adjudicated bankrupt on his voluntary petition on August 22, 1968. No trustee or receiver of the property of the bankrupt has been appointed.

In Schedule A–3, "Creditors whose claims are unsecured," the bankrupt lists debts which were incurred in 1966 and 1967 in Baltimore, Maryland. Included among these creditors is "Hertz Corp., 660 Madison Avenue, New York City, for monies loaned and merchandise, undisputed $33064.46." The bankrupt lists total liabilities of $79,065.06, including the Hertz claim, plus liabilities in "unknown" amounts to the Director of Internal Revenue and the Comptroller of the Treasury of the State of Maryland. Assets were listed at $82,500.00, of which $80,000.00 represents the face value of life insurance policies claimed to be exempt, and $2,500.00 represents the value of a 1966 Cadillac subject to security agreement.

The bankrupt was examined pursuant to Section 21, sub. a of the Bankruptcy Act, 11 U.S.C. § 44(a), on November 25, 1968, June 16, 1969, and September 23, 1969. He testified that his accountant was Leonard Sollins, of 10 Light Street, Baltimore, Maryland. The bankrupt was questioned about mortgage payments he had made on a house in which he used to live in Baltimore, and about two companies, West End Auto Sales, Ltd., and 33 North Corporation. He tes-

tified that his records with reference to the house might still be there, but that "I haven't bothered to look through any files at all." He was directed to produce his records, and at an adjourned examination he testified that he had been at the house many times but had looked for the records only once, and thought that they might be in a cardboard box in a closet.

He also testified that he had gone to Sollins' office and had been given a box of records by Sollins' secretary, which his lawyer produced at the examination. He said these were all his records, "unless my accountant has something else." He repeatedly stated that his accountant, Leonard Sollins, probably had all his records relating to West End Auto Sales, Ltd. and 33 North Corporation.

It also appeared that the bankrupt had not filed his 1966, 1967, and 1968 federal income tax returns, having obtained extensions from the Internal Revenue Service; his lawyer stated that Sollins had records necessary to the preparation of the returns, which could be produced if necessary. It is not clear from the record that they were produced, and the bankrupt could not say for certain that he had produced all his records. Moreover, his testimony was often unresponsive and evasive.

On October 8, 1969, Hertz Corporation, a creditor of the bankrupt, noticed the deposition of Sollins to be taken in Baltimore on October 28. The bankrupt moved to vacate the notice of deposition and it was vacated by order of the Referee filed November 25, 1969, which order is the subject of this review.

In his Memorandum Decision filed November 10, 1969, the Referee was of the opinion that F.R.Civ.P. 26 did not apply because there was no proceeding pending in the Bankruptcy Court. Such a proceeding would exist if Hertz had filed a proof of claim, In re American Anthracite & Bituminous Coal Corp., 22 F.R.D. 504 (S.D.N.Y. 1958), in which event the discovery procedures provided in F.R.Civ.P. 26 et seq. would be available by virtue of Section 21, sub. k of the Bankruptcy Act, 11 U.S.C. § 44(k), to obtain evidence necessary either to meet objections or to prove the matters set forth in the proof of claim. The Referee also thought that there would be a proceeding if Hertz had filed objections to the discharge of the bankrupt, which it has not done. He reasoned that there was no proceeding because an adjudication of bankruptcy merely operates as an application for a discharge and "No claim is made, no cause of action is asserted and a motion to dismiss could not be made or entertained." (Memorandum Decision, p. 5.)

However, Section 21, sub. k does not speak of complaints, actions or causes of action; it provides:

"In all *proceedings under this title,* (emphasis added) the parties in interest shall be entitled to all rights and remedies granted by the Rules of Civil Procedure for the United States District Courts established from time to time by the Supreme Court pertaining to discovery, interrogatories, inspection and production of documents, and to the admission of execution and genuineness of instruments: *Provided, however,* That the limitations of time herein prescribed may be shortened by the court to expedite hearings."

The bankrupt's adjudication following his voluntary petition acted as an application for a discharge, Bankruptcy Act § 14, sub. a, 11 U.S.C. § 32(a). This constituted a "proceeding" in the Bankruptcy Court within the meaning of Section 21, sub. k, affording petitioner the right to resort to the federal discovery rules pursuant to Section 21, sub. k.

Hertz is the largest single creditor of a bankrupt estate where the bankrupt discloses no assets available to his creditors, where the claim arose in Baltimore where the bankrupt concededly was doing business, and where the bankrupt has stated in his Section 21 sub. a examination that he does not know whether or not he has produced all his records, and says that his records were

in the keeping of his accountant. The creditor, under such circumstances, should be able to avail itself of the federal discovery rules, F.R.Civ.P. 26 et seq., in order to determine whether or not it wishes to file objections to the bankrupt's discharge.

Accordingly, the order of the Referee is reversed and the notice dated October 8, 1969 by the petitioner to take the deposition of Leonard Sollins is reinstated. The deposition shall be taken at such time as may be agreed by the parties, or if they are unable to agree, at such time as may be fixed by the Referee.

It is so ordered.